## THE REX MORTGAGE LOAN COMPANY *v.* STANFIELD ET AL.

244 P. 2d 173

On application for change of judge in the Circuit Court of the State of Oregon for Malheur County.

*Hallock, Banta, Silven & Horton,* of Baker, attorneys for plaintiff for motion.

*Lytle, Kilpatrick and Schroeder,* of Vale, attorneys for defendants Gerald E. Stanfield and Gertrude J. Stanfield, contra.

*Anthony Yturri,* of Ontario, of attorneys for defendant, The United States National Bank of Portland.

DENIED.

BRAND, C. J.

In reliance upon statute, the plaintiff corporation has applied for a change of judge. The question for decision is whether, in view of the state of the record, it is entitled to the relief sought. The statute provides:

"No judge of a circuit court of the state of Oregon, including such judge when sitting in a department of probate or a department of domestic relations or a judge hearing or trying probate or domestic relations matters or proceedings in counties in which such probate or domestic relations matters or proceedings are heard or tried by the circuit court or a judge thereof, shall sit to hear or try any suit, action, matter or proceeding when an application in writing, requesting a change of judge shall have been filed as hereinafter provided. * * * " OCLA, § 1-501 as amended by ch 162, Oregon Laws 1947.

The next section of the code, so far as relevant to this inquiry, provides that any party:

" * * * may file an application in writing requesting the change of judge at any time prior to final determination of such cause, matter or proceeding in uncontested cases, and in contested cases within 10 days after answer or objection has been filed * * *." OCLA, § 1-502 as amended by ch 145, Oregon Laws, 1947.

In the case at bar, the plaintiff filed a complaint against Gerald E. Stanfield and Gertrude J. Stanfield

and the United States National Bank of Portland. All defendants appeared. On 8 August 1951 the individual defendants moved to strike portions of the complaint and to make other portions more definite and certain, and on 17 September, by order of the court, portions of the complaint were stricken and the plaintiff was directed to make other portions more definite and certain. An amended complaint was filed on 8 October 1951. A motion for default against all defendants was served. A certificate of service signed by one of counsel for the plaintiff shows that the service was made on the attorneys for all defendants by mailing on the 10th day of March 1952. A motion for change of judge was also served upon attorneys for all defendants on 10 March, as appears from a like certificate signed by counsel for the plaintiff. On the same day the individual defendants filed objections to the application for change of judge on the ground that the application was not filed within the time provided by OCLA, § 1-502 as amended by chapter 145, Oregon Laws, 1947. On 11 March the individual defendants filed objections to the motion for default which, though served, had not yet been filed, and tendered an answer ''as of March 14, 1952.'' An affidavit in support of the objections was filed. The endorsement of the county clerk shows that the answer and cross complaint was filed on 14 March. A certificate of defense counsel shows that the answer was served on 13 March. It was not until 15 April 1952 that the plaintiff's motions for default and for change of judge were actually filed in the circuit court, as appears from the endorsement of the county clerk.

██ Enough of the record has been disclosed to demonstrate that the case is not ''uncontested'' within the

meaning of the statute. The statute provides that the application for change of judge may be *filed* within 10 days after answer or objection has been filed. Although more apt words might have been used, we hold that a motion to strike and to make more definite and certain constitutes an "objection" to a complaint. Such an objection to the original complaint was filed in August 1951, and the right to move for change of judge expired 10 days thereafter. Other objections were made and filed by the individual defendants when, on 11 March, they stated that they "object to the entry of default" and "tender answer." The motion for default and decree was not filed within 10 days of either objection. The statute accords to a litigant the privilege, under some circumstances, of submitting questions of law to the trial judge and then ousting him of jurisdiction if the decision is contrary to the views of the litigant. This, he may do under the statute, without any showing of prejudice on the part of the judge. Such procedure is disruptive of the judicial process. In effect, it authorizes a swapping of judicial horses in midstream at the will of any litigant who may be unhappy concerning his progress through the channels of litigation. Such a statute constitutes an encroachment by the legislative branch upon the normal powers and functions of the judicial department of the government. While it remains on the books it should be narrowly construed.

The application for change of judge was not made within the time provided by statute and is denied.